## APPEAL OF H. CITRIN.

Docket No. 1721.  Submitted July 14, 1925.  Decided September 28, 1925.

Expenses incurred for alteration and improvement of leased properties are properly chargeable to capital account and should be exhausted over the life of the leases.

*Dan J. Chapin, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal is from the determination of a deficiency in income taxes for the years 1919 and 1920 in the aggregate amount of $15,617.82.

### FINDINGS OF FACT.

1. The taxpayer is an individual residing in Los Angeles, Calif., and is engaged in the business of retailing ladies' furnishings. He operates three stores in the City of Los Angeles under the respective trade-names of "Citrins," "The Bon Ton," and "The La Belle." The main store is "Citrins," and from that all purchases and distributions are made for the three stores. This store is located at 516 and 518 West Seventh Street, and the premises are held under a lease which expires September 30, 1927.

2. Under the terms of the lease held by the taxpayer all the expenditures necessary to alter or adapt the premises at 516 and 518 West Seventh Street for the use or convenience of his business were to be borne by the taxpayer and revert to the lessor at the expiration of the lease.

3. During the year 1919 the taxpayer removed the walls between the premises at 516 and those at 518 West Seventh Street on the second floor, repaired the stairway leading thereto, added new shelving and repaired the old, repaired the floors and plaster, painted the entire interior with six coats of paint, and arranged the whole interior to suit the needs of his business, at a cost of $8,947.97. This amount was paid by him and deducted in his income-tax return for the year 1919 as an ordinary and necessary business expense. This

deduction was disallowed by the Commissioner and the pro rata of the cost for that year allowed as exhaustion. The alteration and repair work had a life of more than one year and added to the value of the building.

4. During the year 1920 the taxpayer removed the walls of the first floor between the premises at 516 and those at 518 West Seventh Street, repaired the shelving, floors, and plaster, changed the windows in the front, making one main entrance to both storerooms, and painted the interior and exterior with six coats of paint at a total cost of $29,960.81. This amount was paid by the taxpayer and deducted by him in his income-tax return for the year 1920 as an ordinary and necessary business expense. This deduction was disallowed by the Commissioner and a pro rata amount allowed as exhaustion for the year.

5. During the year 1919 the taxpayer made withdrawals of cash from the business in the amount of approximately $12,000. These withdrawals were for his personal use and were charged on the books to his personal account. In making his income-tax return for the year 1919 the taxpayer treated $11,000 of this amount as salary and sought to deduct it as an operating expense of the business. This deduction was disallowed by the Commissioner. The deduction of salary and the restoration of it to income by the Commissioner did not effect a duplication of the tax.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GRAUPNER: The facts shown in this appeal clearly justify the conclusion that the items of $8,947.97 and $29,960.81, expended in 1919 and 1920, respectively, were for improvements and betterments to the leased premises and that as such they constitute capital expenditures which should be exhausted over the life of the leased property. This appeal comes squarely under the authority of *Duffy* v. *Central R. R. Co. of New Jersey*, 268 U. S. 55; *Appeal of National City Bank of Seattle*, 1 B. T. A. 139; and *Appeal of Simmons & Hammond Mfg. Co.*, 1 B. T. A. 803.

With respect to the salary which the taxpayer, as sole proprietor, sought to charge to the business and deduct as an ordinary and necessary business expense, we can only say that it was properly disallowed by the Commissioner and included in income for the year 1919. The taxpayer contends that the revenue agent's report which was followed by the Commissioner returned the $11,000 to income in such a manner that it is doubly reflected and that consequently

the taxpayer will be forced to pay double taxes on this amount. The evidence does not prove the taxpayer's contention in this regard.

No evidence was offered by the taxpayer to show any erroneous increase by the Commissioner of income in the amount of $305.30 for the year 1919. At the hearing the taxpayer withdrew his allegations of error relating to the disallowance of $3,479.82 which he claimed represented a loss on interstore transactions for the year 1920.

ARUNDELL not participating.