*627 OPINION.
Graupner:
The facts shown in this appeal clearly justify the conclusion that the items of $8,947.97 and $29,960.81, expended in 1919 and 1920, respectively, were for improvements and betterments to the leased premises and that as such they constitute capital expenditures which should be exhausted over the life of the leased property. This appeal comes squarely under the authority of Duffy v. Central R. R. Co. of New Jersey, 268 U. S. 55; Appeal of National City Bank of Seattle, 1 B. T. A. 139; and Appeal of Simmons & Hammond Mfg. Co., 1 B. T. A. 803.
With respect to the salary which the taxpayer, as sole proprietor, sought to charge to the business and deduct as an ordinary and necessary business expense, we can only say that it was properly disallowed by the Commissioner and included in income for the year 1919. The taxpayer contends that the revenue agent’s report which was followed by the Commissioner returned the $11,000 to income in such a manner that it is doubly reflected and that consequently *628 the taxpayer will be forced to pay double taxes on this amount. The evidence does not prove the taxpayer’s contention in this regard.
No evidence was offered by the taxpayer to show any erroneous increase by the Commissioner of income in the amount of $305.80 for the year 1919. At the hearing the taxpayer withdrew his allegations of error relating to the disallowance of $3,479.82 which he claimed represented a loss on interstore transactions for the year 1920.
Arundell not participating.